THE HONORABLE MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, | NO.    2:12-cv-00139-MJP |
| Plaintiff, | CONSENT DECREE |
| v. | |
| ADSCEND MEDIA, LLC, a Delaware limited liability company; and JEREMY BASH and FEHZAN ALI, individually and as  Managing Members of ADSCEND MEDIA LLC, | |
| Defendants. | |

## I.    DECREE SUMMARY

1.1    Decree Creditor:                         State of Washington

1.2    Decree Debtors:                          Jeremy Bash, Fehzan Ali and Adscend Media LLC

1.3    Principal Decree Amount:           $100,000.00

1.4    Attorneys for Decree Creditor:    Paula Selis, Senior Counsel

1.5    Attorneys for Defendants:           Mark Rosenberg and Robert S. Apgood

Plaintiff, State of Washington, having commenced this action on January 26, 2012, and having filed an Amended Complaint in the action on April 30, 2012, pursuant to the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"), 15 U.S.C. § 7701, *et seq.*; and Defendants Jeremy Bash, Fehzan Ali and Adscend Media LLC having been personally served with copies of the Summons and Complaint; and

Plaintiff having appeared by and through its attorneys, Rob McKenna, Attorney General; and Paula Selis, Senior Counsel; and Defendants having appeared through their attorneys Mark Rosenberg and Robert S. Apgood; and

Plaintiff and Defendants having agreed on a basis for the settlement of the matters alleged in the Complaint, and to the entry of this Consent Decree (hereinafter referred to as "Decree") against Defendants without the need for trial or adjudication of any issue of law or fact; and

Defendants recognize and state that this Decree is entered into voluntarily and that no promises or threats have been made by the Attorney General's Office or any member, office, agent or representative thereof to induce them to enter into this Consent Decree, except as provided herein; and

Defendants further agree that they will not oppose the entry of this Consent Decree on the grounds the Consent Decree fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objections based thereon; and

Defendants waive any right they may have to appeal from this Consent Decree; and

Plaintiff and Defendants having agreed that this Consent Decree does not constitute evidence or an admission regarding the existence or non-existence of any issue, fact, or violation of any law alleged by Plaintiff, but rather enter the Decree to dispense from further litigation and litigation costs; and

Defendants further agree that this Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the terms contained herein; and

The Court having determined there is no just reason for delay in the entry of this Decree against Defendants, and being fully advised; and

The Court finding no just reason for delay;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## II.     GENERAL

2.1     The Court has jurisdiction of the subject matter of this action and of the parties hereto pursuant to 28 U.S.C. § 1331 for claims asserted under 15 U.S.C. § 7701, *et seq.* and 28 U.S.C. § 1367.  As a substantial portion of the acts complained of in the action filed by Plaintiff occurred in King County and elsewhere in the Western District of Washington, venue in this district is appropriate pursuant to 18 U.S.C. § 1391.

2.2     Unless otherwise specified, the term "Defendants" as used in this document shall mean Jeremy Bash, Fehzan Ali and Adscend Media LLC.

## III.     INJUNCTIONS

3.1     The injunctive provisions of the Consent Decree shall apply to all persons or entities in active concert or participation with Defendants, including but not limited to Defendants and Defendants' successors, assigns, transferees, officers, agents, servants, directors, employees, independent contractors, representatives, and/or affiliates.

3.2     Definitions:

        a.     For purposes of this Decree, the term "procure" means to intentionally pay or provide other consideration to another to initiate a commercial electronic message.

NO.   2:12-cv-00139-MJP

b.     For purposes of this Decree only, unless and until the United States Supreme Court,  the Ninth Circuit Court of Appeals, or this Court rules otherwise, or CAN-SPAM is amended so as to exclude such messages, the term "commercial electronic message" shall include but not be limited to social networking communications under circumstances in which an electronic message is not delivered to an "inbox," but rather to locations on social networking sites such as Wall posts, News Feeds, home pages, Page suggestions and similar destinations.

3.3     Defendants shall inform all persons or entities in active concert or participation with Defendants, including but not limited to Defendants and Defendants' successors, assigns, transferees, officers, agents, servants, directors, and employees, and affiliates of the terms and conditions of this Consent Decree.

3.4     Defendants and all persons or entities in active concert or participation with Defendants, including but not limited to Defendants and Defendants' successors, assigns, transferees, officers, agents, servants, directors, employees, independent contractors who work at the direction of Defendants, representatives, and affiliates, are hereby enjoined and restrained in the state of Washington or from a location outside the state of Washington where such conduct affects Washington residents, from:

a.     initiating the transmission of commercial electronic messages that contain materially misleading or materially false header information, whether through direct transmission or origination of such messages, or by procuring the origination or transmission of such messages.

b.     initiating the transmission of commercial electronic messages with misleading subject lines whether through direct transmission or

origination of such messages, or by procuring the origination or transmission of such messages.

c.   initiating the transmission of commercial electronic messages that contain header information that is materially false or misleading as to the true identity of the initiator of the messages whether through direct transmission or origination of such messages, or by procuring the origination or transmission of such messages.

d.   initiating the transmission of commercial electronic messages that contain header information that is materially false or misleading as to a material fact regarding the contents or subject matter of the message whether through direct transmission or origination of such messages, or by procuring the origination or transmission of such messages.

e.   initiating the transmission of commercial electronic mail messages that do not contain clear and conspicuous identification or it is not otherwise plainly apparent from the messages' subject lines and content that the messages are advertisements or solicitations when the messages appear to be personal communications sent from users' friends or others with whom the user has a personal relationship, rather than commercial solicitations designed to market products and services, whether through direct transmission or origination of such messages, or by procuring the origination or transmission of such messages.

3.5    Defendant Adscend Media, LLC ("Adscend") shall maintain a monitoring program at least as effective as its current monitoring program to ensure that Adscend's affiliates do not violate the terms of this Consent Decree (the "Adscend Monitoring Program"). The Adscend Monitoring Program currently consists of the following:

a. Having dedicated personnel specifically responsible for monitoring Adscend's affiliates' activities;

b. Maintaining contemporaneous records of referring URL's for each day's affiliate traffic (the "URL List");

c. Each business day, on multiple occasions, reviewing the URL List for suspicious activity, which shall include but not be limited to evidence of greater-than-expected click rates;

d. When suspicious activity is identified, using the URL's to link to the affiliate's website and reviewing the affiliate's gateway image and text and any URL's to which users are forwarded after the affiliate's content is unlocked;

e. On multiple occasions during each business day, conducting the actions described in Paragraph 3.5(d) above (the "3.5(d) Review") with respect to URL's randomly selected from the URL List;

f. Maintaining contemporaneous records of each day's affiliate earnings and reviewing these records each business day.  When suspicious activity is identified, a 3.5(d) Review is conducted with respect to the suspicious activity;

g. If the Adscend Monitoring Program discovers a violation of an applicable statute or regulation or the injunctive provisions of this Consent Decree, the affiliate's gateway page is immediately deleted from Adscend's network and the affiliate is sent notice of same and a warning.  Depending on the nature of the violation, the timeliness and content of the affiliate's response to the notice of violation, the number of prior violations by the affiliate (if any), and the time since the

affiliate's last violation (if any), Adscend may suspend or terminate the affiliate's Adscend account, but in no event shall Adscend fail to terminate the affiliate's account if a violation of Paragraph 3.4 of this Consent Decree has occurred within the one-month period following a prior violation of Paragraph 3.4 of this Consent Decree.

3.6     Nothing herein shall preclude Adscend from modifying or replacing any or all elements of the Adscend Monitoring Program so long as the modified or replacement monitoring program is at least as effective as the Adscend Monitoring Program, provided that any material changes to the Program shall be disclosed to Plaintiff at least five (5) days prior to being instituted.

## IV.     ATTORNEYS' COSTS AND FEES

4.1     Pursuant to 15 U.S.C. § 7706(f)(4), Plaintiff shall recover and Defendants shall pay the costs and reasonable attorneys' fees incurred by the Plaintiff in pursuing this matter in the amount of $100,000 payable upon entry of this Consent Decree, which amount shall constitute the Principal Decree Amount.  No other amounts are due or owing from Defendants.

4.2     In any successful action to enforce any part of this Consent Decree, Defendants will pay the Attorney General its attorneys' fees and costs, including reasonable attorneys' fees as provided by RCW 19.86.080.

4.3     Payment owing under this provision shall be in the form of a valid check paid to the order of the "Attorney General-State of Washington" and shall be due and owing immediately upon entry of the Consent Decree. Payment shall be sent to the Office of the Attorney General, Attention: Cynthia Lockridge, Administrative Office Manager, 800 Fifth Avenue, Suite 2000, Seattle, Washington, 98104-3188.

NO.   2:12-cv-00139-MJP

## V.    ENFORCEMENT

5.1    Violation of any of the terms of this Consent Decree, as determined by the Court, may allow Plaintiff to seek additional remedies including restitution, reasonable attorneys' fees and costs, civil penalties and injunctive relief.

5.2    Jurisdiction is retained for the purpose of enabling any party to this Consent Decree with or without the prior consent of the other party to apply to the Court at any time for enforcement of compliance with this Consent Decree, to punish violations thereof, or to modify or clarify this Consent Decree.

5.3    Representatives of the Office of the Attorney General of the State of Washington, shall be permitted to inspect and/or copy all relevant records or documents relating to sales and advertisements relating to an alleged violation under control of Defendants solely in order to monitor compliance with this Consent Decree upon 14 days of written request to Defendants, provided that the inspection and copying shall be done in such a way as to avoid disruption of Defendants' business activities. Representatives of the Office of Attorney General may be permitted to question Defendants, or any officer, director, agent, employees or independent contractor of any corporation affiliated with Defendants, in deposition, pursuant to the provisions and notice requirements of Fed. R. Civ. P. 30 relating to an alleged violation of the Consent Decree. .This provision shall not be interpreted to mean that Defendants are required to produce third parties over whom that have no control for deposition purposes.

5.4    Prior to instituting enforcement action under the terms of this Consent Decree, if the Attorney General determines that Defendants have failed to comply with any of the terms of this Consent Decree, and if, in the Attorney General's sole discretion, the failure to comply does not threaten the health or safety of the citizens of the State and/or does not create an emergency requiring immediate action, the Attorney General will notify Defendants in writing of such failure to comply, and Defendants shall then have seven (7) business days from receipt

8

Par. 3.5 of such written notice to provide a written response to the Attorney General's determination. The response may include:

    a.   A statement that the Adscend Monitoring Program did not detect the alleged failure to comply and why;

    b.   A statement explaining how the Adscend Monitoring Program will be modified to detect further alleged failures to comply; and

    c.   A statement that the alleged failure to comply has been cured and, if the alleged failure to comply was a result of an affiliate's practices, that the affiliate's Adscend account has been cancelled, that the Affiliate will not be compensated for any practices associated with the failure to comply, and that Adscend will return any compensation received from advertisers that was generated by the affiliate's practices, or provide credit to the advertiser's account for future advertising.

5.5    Nothing in the Consent Decree shall be construed as to limit or bar any other governmental entity or consumer from pursuing other available remedies against Defendants.

5.6    Under no circumstances shall this Consent Decree or the name of the State of Washington, the Office of the Attorney General, Consumer Protection Division, or any of their employees or representatives be used by any Defendants named in the Complaint in connection with any selling, advertising, or promotion of products or services, or as an endorsement or approval of Defendants' acts, practices or conduct of business.  Notwithstanding the above, nothing herein shall preclude the Defendants from citing or referring to this Consent Decree or its terms or referring to the State of Washington, the Office of the Attorney General, Consumer Protection Division, or any of their employees or representatives in connection with their announcement of the settlement of this action or in response to inquiries regarding the same.

NO.   2:12-cv-00139-MJP

1

## VI.   DISMISSAL AND WAIVER OF CLAIMS

2        6.1     Upon entry of this Consent Decree, all claims in this matter, not otherwise

3   addressed by the Consent Decree are dismissed and waived.

4        DATED this 7th day of May, 2012.

5

6                                                    Marsha J. Pechman
                                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NO.    2:12-cv-00139-MJP